# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **JEROME MURRAY** | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | Case No.: RWT 11cv1623 |
| | * | |
| | * | |
| **BIERMAN, GEESING, WARD &** | * | |
| **WOOD, LLC,** *et al.* | * | |
| | * | |
| *Defendants.* | * | |
| | * | |

## <u>MEMORANDUM OPINION</u>

On June 10, 2011, Plaintiff Jerome Murray filed suit against Defendants Bierman, Geesing, Ward & Wood, LLC, Howard N. Bierman, Jacob Geesing, Carrie M. Ward, and Dionne MW Joemah (hereinafter the "trustee Defendants"), as well as Jeffrey D. Stephan, U.S. Bank, Residential Asset Securities Corporation, Residential Funding Company, LLC, RASC 2007EMXI Trust, and GMAC Mortgage, LLC, alleging violations of the Fair Debt Collection Practices Act[1] ("FDCPA"), the Maryland Consumer Debt Collections Act[2] ("MCDCA"), and the Maryland Consumer Protection Act[3] ("MCPA").  *See* ECF No. 1, Case No. RWT 11-cv-1623 (hereinafter "Compl." or "Complaint").  Defendants filed several motions to dismiss, challenging the sufficiency of Plaintiff's claims and alleging jurisdictional and procedural flaws in the Complaint.  *See* ECF Nos. 11, 12, and 14, Case No. RWT 11-cv-1623.  The motions are all ripe for adjudication.

---

[1] 15 U.S.C. §§ 1692, *et seq.*
[2] Md. Code Ann., Com. Law §§ 14-201, *et seq.*
[3] Md. Code Ann., Com. Law §§ 13-101, *et seq.*

On September 21, 2012, after GMAC Mortgage, LLC, Residential Asset Securities, and Residential Funding Company filed a Notice of Bankruptcy [ECF No. 28], the Court stayed the present action with respect to those three parties. *See* ECF No. 30, Case No. RWT 11-cv-1623. For the reasons explained herein, Defendants' three Motions to Dismiss [ECF Nos. 11, 12, and 14] are granted with respect to the remaining Defendants in the case.

## Background[4]

After defaulting on his mortgage loan, Plaintiff was evicted from his home on October 1, 2012, following a foreclosure proceeding in the Circuit Court for Baltimore City, Maryland. Defendants are the business entities, individual employees of those entities, and trustees who sought to collect on Plaintiff's mortgage loan debt and filed for foreclosure after Plaintiff failed to pay. On July 19, 2010, Plaintiff moved to vacate the Circuit Court's judgment of foreclosure, alleging fraud by Defendants, but that court denied Plaintiff's motion after finding insufficient evidence of any fraud. *See* Docket Sheet, *Geesing v. Murray,* Case No. 24O09005192, Circuit Court for Baltimore City, Maryland, Dkt. Nos. 16/0-16/3. Plaintiff did not appeal the foreclosure judgment, but instead attempted to re-challenge the rights of Defendants to foreclose on his home by filing suit in this Court. Plaintiff alleges generally that Defendants filed "false, deceptive, or misleading" documents with the Maryland Circuit Court, and that Defendants illegally foreclosed on and sold his home.

---

[4] These facts are drawn from Plaintiff's Complaint and, for purpose of this motion, are assumed to be correct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

<u>Discussion</u>

I.  **Plaintiff's Complaint fails to allege facts sufficient to demonstrate the Court's personal jurisdiction over Defendant Stephan.**

Plaintiff's claims against Defendant Stephan, an employee of GMAC Mortgage, cannot proceed, as the Court does not have personal jurisdiction over this Defendant.  If a complaint does not present a *prima facie* showing of personal jurisdiction, it must be dismissed on a motion under Federal Rule of Civil Procedure 12(b)(2).  *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).  Plaintiff bears the burden of establishing this Court's personal jurisdiction over each defendant.  *See id; Dring v. Sullivan*, 423 F. Supp. 2d 540, 543 (D. Md. 2006).  To meet this burden, Plaintiff "must allege specific facts connecting [each] defendant with the forum." *Lolavar v. de Santibanes*, 430 F.3d 221, 230 (4th Cir. 2005); *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be assessed individually.").  Conclusory statements or bare allegations alone are insufficient to establish personal jurisdiction. *See Lolavar*, 430 F.3d at 230.

Defendant Stephan is a resident of Pennsylvania, *see* Compl. at 2, and this Court's jurisdiction extends to him only if 1) such jurisdiction is authorized under Maryland's long-arm statue and 2) the exercise of that jurisdiction satisfies due process. *Carefirst*, 334 F.3d at 396. Although Maryland's long-arm statue authorizes the exercise of personal jurisdiction to the limits allowed by the Constitution, it also limits the exercise of specific jurisdiction to causes of action that fall within one of its enumerated provisions. *See Johansson Corp. v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 704 (D. Md. 2004) (noting that a plaintiff "must identify a specific Maryland statutory provision authorizing [personal] jurisdiction").  To satisfy the requirements of due process, Defendant Stephan must also have "minimum contacts" with the forum state, indicating that he has purposely availed himself of the privilege of conducting activities in the

state.  *See Ellicot Mach. Corp., Inc. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).   In evaluating this due process prong, courts consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  *Carefirst*, 334 F.3d at 397.

Neither Plaintiff's Complaint, nor his response to Defendant Stephan's motion to dismiss, indicates that there is any provision listed in Maryland's long-arm statute that would provide the basis for this Court's personal jurisdiction over Defendant Stephan.  Plaintiff has similarly failed to establish that Defendant Stephan has sufficient contacts with Maryland to satisfy due process. Plaintiff alleges no conduct by Defendant Stephan that was conducted in or directed at Maryland. Defendant Stephan's work for GMAC, and his supposed execution of a false affidavit, does not constitute a "substantial connection" to Maryland such that he has reasonable notice that he might be haled into court here.  *Ellicot Mach. Corp*., *Inc*., 995 F.2d at 477; *Glynn v. Edo Corp*., 536 F. Supp. 2d 595, 604 (D. Md. 2008) ("corporation's contacts with a forum state cannot be attributed to its employees").   To require him to defend this action in Maryland would be unfairly burdensome, and would further no interest on Maryland's part.  Plaintiff's Complaint against Defendant Stephan can thus be dismissed on these jurisdictional grounds alone.

## II. Plaintiff's Complaint fails to state a claim against any of the Defendants on which relief can be granted.

The Defendants have all alleged that Plaintiff is not entitled to relief on any of his claims as they are set forth in the Complaint.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Under the Federal Rules of Civil Procedure, a pleading must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief." *Id.* at 1950; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).

A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Nevertheless, a court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), conclusory allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979), or "allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted). "Thus, in reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level."

*Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*,

561 F.3d 261, 266 (4th Cir. 2009)).

Plaintiff's Complaint cannot survive Defendants' 12(b)(6) motions to dismiss for a

number of reasons.  First, on the face of the Complaint, all of Plaintiff's claims are barred by *res*

*judicata*.  The doctrine of *res judicata* prohibits relitigation of claims that could have been

asserted, or were decided, in a prior suit between the same parties or their privies.  *Anyanwutaku*

*v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000).   Both "Maryland Courts

and this Court, applying Maryland law, have consistently held that *res judicata* bars collateral

attacks on foreclosure judgments entered in the Circuit Courts."  *Jones v. HSBSC Bank, USA,*

*N.A.*, 2011 WL 382371, at *6 (D. Md. Feb. 3, 2011); *Laurel Sand & Gravel, Inc. v. Wilson*, 519

F.3d 156, 162 (4th Cir. 2008) (noting that the law of the state where the judgment was rendered

determines the preclusive effect of a state court judgment).  Under Maryland law, *res judicata*

applies when 1) the parties are the same as, or in privity with, the parties in the earlier lawsuit; 2)

the current and former lawsuits share the same cause of action; and 3) there was a final judgment

on merits in the initial suit.  *Anyanwutaku*, 85 F. Supp. 2d at 570-71.

Here, all three elements are met.  "Privity" in the *res judicata* context generally involves

a person "so identified in interest with another that he represents the same legal right."  *FWB*

*Bank v. Richman*, 354 Md. 472, 498 (1999).  Bierman, Geesing, Ward, & Wood, the plaintiff in

the initial foreclosure action brought against Plaintiff, is the trustee of the current Defendants,

and is itself also a party to the present action.  *See* Compl. ¶ 20.  That trustee relationship

satisfies the privity requirement of *res judicata*.  *See, e.g., Anyanwutaku*, 85 F. Supp. 2d at 571

(finding privity under Maryland law between substitute trustee who filed prior foreclosure action

and successor holders of the underlying mortgage note).  With regard to the second element,

claims are considered to be part of the same cause of action when they arise out of the same transaction.  *Id.*  Plaintiff's prior and current causes of action are essentially identical, and both are based on the same foreclosure proceeding.  Finally, the Circuit Court's June 15, 2012 order in the prior case determining that Defendants had a right to foreclose on Plaintiff's home constitutes a final judgment on the merits for purposes of *res judicata*.  Accordingly, *res judicata* bars Plaintiff's Complaint as a whole.

Second, the hopelessly vague nature of Plaintiff's Complaint and the utter lack of specific factual allegations contained therein present yet another ground on which to grant Defendants' Motions to Dismiss.  The Complaint does not satisfy the minimum pleading requirements set forth in Federal Rule of Civil Procedure 8, as it consists of nothing more than conclusory legal statements.  Plaintiff does not explain how Defendants' acts or omissions constituted violations of the FDCPA, the MCDCA, or the MCPA, and does not offer any specific facts to support his allegations or demonstrate that the required elements of each of his claims have been met.  *See Iqbal*, 129 S. Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . .").  Moreover, because all of Plaintiff's causes of action are rooted in fraud, the Complaint is actually subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), another standard of which the Complaint falls woefully short.

Third, Plaintiff's claim for damages under the FDCPA fails because it is time-barred. "To be timely, a private action under the FDCPA must be brought within one year of the date of the violation."  *Allen v. Bank of Amer. Corp.,* 2011 WL 3654451, at *10 (D. Md. Aug. 18, 2011). For FDCPA claims that involve "the filing of a collection action, the statute of limitations ordinarily begins to run at the time of service."  *Id.*  Plaintiff received a collection letter on

September 14, 2009, *see* Compl. ¶¶ 14-17, but did not file this lawsuit until June 10, 2011, well over a year later.  Accordingly, Defendants must prevail on their motions to dismiss Plaintiff's FDCPA claim.[5]

Fourth, Plaintiff's claim for damages under the MCPA fails because the Plaintiff cannot establish the nature of the actual injury or loss that he sustained, apart from the mortgage loan debt that he already owed.  An individual may bring a claim under the MCPA only if he can "establish the nature of the actual injury or loss that he or she has allegedly sustained as a result of the prohibited practice."  *Lloyd v. General Motors Corp.*, 397 Md. 108, 148 (2007) (citations omitted).  A preexisting debt such as Plaintiff's mortgage loan obligation does not qualify as such an injury, *see Willis v. Countrywide Home Loans Servicing, L.P.,* 2009 WL 5206475, at *6 (D. Md. Dec. 23, 2009), and Plaintiff has alleged no other harm that he sustained as a result of Defendants' conduct.  In addition, the MCPA claims against the trustee Defendants suffer from another infirmity, in that the MCPA simply does not apply to lawyers carrying out their professional services.  *See* Md. Code Ann. Com. Law § 13-104.

Fifth, Plaintiffs' claims under the MCDCA must be dismissed, as Plaintiff never alleges that Defendants knew they could not enforce Plaintiff's mortgage loan debt.  The MCDCA provides that a debt collector cannot enforce a right that he or she knows to be non-existent.  *See Allen,* 2011 WL 3654451, at *9.  Here, there is nothing in the Complaint from which the Court can infer that Defendants attempted to collect a debt while actually knowing that they had no right to do so, or that they in any way doubted their right to enforce the debt.  Indeed, their success in enforcing the debt in foreclosure proceedings belies any such notion.

---

[5] Although the trustee Defendants' argument that they are not debt collectors for purposes of the FDCPA is erroneous, *see Wilson v. Draper & Goldberg*, 443 F.3d 373, 378-79 (4th Cir. 2006), that argument is superfluous and the Court need not address it as Plaintiff's FDCPA claim is time-barred as to all Defendants, including the trustees.

Sixth, and finally, the claims against the trustee Defendants which are premised on their alleged failure to obtain a license pursuant to the Maryland Collection Agency Licensing Act[6] ("MCALA") must be dismissed, as MCALA's licensing requirement does not apply to lawyers collecting debts for clients.  *See* Md. Code Ann., Bus. & Reg. § 7-102(b)(9).  It is undisputed that the trustee Defendants are attorneys, bringing them squarely within the exemption from MCALA's licensing requirements.

For the reasons stated above, Defendants' Motions to Dismiss [ECF Nos. 11, 12, and 14] will be granted.

A separate order follows.


September  27, 2012                                  /s/
                                        ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE

---

[6] Md. Code Ann. Bus. Reg. §§ 7-101, *et seq.*